Nicholas R. Ruiz #300419
**Williams, Brodersen, Pritchett & Ruiz LLP**
2222 West Main Street
Visalia, California 93291
Telephone: (559) 635-9000
Facsimile: (559) 635-9085
E-mail: Nicholas@visalialawyers.com

Attorneys for Defendants LE HOMES, GIGLIOLA MARTINEZ, WESTERN SURETY COMPANY, and BUSINESS ALLIANCE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| HAHA SMART, INC., a California corporation,<br><br>Plaintiff,<br>vs.<br><br>LE Homes, a California corporation; GIGLIOLA MARTINEZ, an individual; WESTERN SURETY COMPANY; BUSINESS ALLIANCE INSURANCE COMPANY; and DOES 1-20<br><br>Defendants. | Case No:<br><br>**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S. CODE §§ 1331 AND 1332 (Federal Question/Diversity of Citizenship)**<br><br>Action filed: December 6, 2023 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Defendants, LE HOMES GIGLIOLA MARTINEZ, WESTERN SURETY COMPANY and BUSINESS ALLIANCE INSURANCE COMPANY, hereinafter collectively referred to as "Defendants"), hereby remove the above-entitled state court action, bearing Case No. 2023CUBC017354, from the Superior Court of the State of California, County of Ventura.

## I. JURISDICTION

1. This case is hereby removed from state court to federal court because, per

1
**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION**

Plaintiff's complaint, the first cause of action is for violations of the RICO Act, 18 U.S.C. §1961 et seq., and for wire fraud under 18 U.S.C. § 1343, which are a federal statute, and allegations related thereto are the gravamen of Plaintiff's complaint. Moreover, at the time of filing the complaint, and at the present time, diversity of citizenship exists between Defendant WESTERN SURETY COMPANY and other parties to this action and, as the alleged amount in controversy exceeds $75,000.00. Accordingly, this Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1332. As set forth below, this action meets all of Sections 1331's, 1332's, and 1446's requirements for removal and is timely and properly removed by virtue of this Notice.

## II. VENUE

2. The Superior Court of the State of California for the County of Ventura is located within the Central District of California, Western Division. 28 U.S.C. § 84(b) Accordingly, this action is properly removed to this Court. 28 U.S.C. § 84(c)(2 Accordingly, this action is properly removed to this Court.

## III. PLEADINGS AND PROCESS

3. Plaintiff, HAHA SMART, INC., ("Plaintiff") filed this action in Ventura County Superior court, alleging, among others, federal RICO charges [18 U.S.C. §1961 et seq.] against Defendants LE HOMES, GILIOLA MARTINEZ, WESTERN SURETY COMPANY, BUSINESS ALLIANCE INSURANCE COMPANY, and DOES 1-20. The state court action is a civil action over which the Federal Court has original jurisdiction both under 28 U.S.C. § 1331 based on federal question and under 28 U.S.C. §1332(a) based on diversity jurisdiction. The state court action is properly removable to this Court in that it is a civil action arising under the Constitution, laws, or treaties of the United States, and based on the civil action being between citizens of different states in which the amount of controversy exceeds the sum of $75,000.00, exclusive of interest and costs, as explained below.

4. On January 8, 2023, Plaintiff sub served the registered agents for Defendants LE HOMES and GILIOLA MARTINEZ with a copy of the Complaint along

with the Summons and Alternative Dispute Resolution ("ADR") Package. Attached to the Declaration of Nicholas R. Ruiz in Support of this Notice of Removal ("Ruiz Decl.") as **Exhibit A** is a true and correct copy of Plaintiff's Complaint. Attached to Ruiz Decl. as **Exhibit B** is a true and correct copy of the Summons. Attached to Ruiz Decl. as **Exhibit C** is a true and correct copy of the ADR Package.

5. Attached to Ruiz Decl. as **Exhibit D** is a true and correct copy of the Civil Case Cover Sheet filed by Plaintiff in this matter in Tulare County Superior Court on December 6, 2023.

6. Attached to Ruiz Decl. as **Exhibit E** is the Notice of Case Assignment and Mandatory Appearance filed in this matter on December 8, 2023.

7. Attached to Ruiz Decl. as **Exhibit F** is the Proof of Service of Summons to Gigliola Martinez.

8. Attached to Ruiz Decl. as **Exhibit G** is the Proof of Service of Summons to LE Homes.

9. Attached to Ruiz Decl. as **Exhibit H** is Defendant Western Surety Company's Answer to the Complaint.

10. Attached to Ruiz Decl. as **Exhibit I** is Defendants LE Homes, Gigliola Martinez and Business Alliance Insurance Company's Answer to the Complaint.

11. Pursuant to 28 U.S.C. Section 1446(a), the Exhibits A-I attached to Ruiz Decl. constitute all process, pleadings and orders served upon Defendants or received in this action by Defendants.

12. As required in 28 U.S.C. § 1446(d), Defendants will provide written notice of the filing of this Notice of Removal to Plaintiff's attorney of record and will promptly file a copy of this Notice of Removal with the Superior Court of the State of California for the County of Ventura.

13. If any question arises as to the propriety of the removal of this action, Defendants respectfully request the opportunity to present a brief, evidence, and oral argument in support of its position that this case is removable.

3
**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION**

## IV. TIMELINESS OF REMOVAL

14. Plaintiff filed the Complaint on December 6, 2023 and served it on Defendants on January 8, 2024. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days of the date on which Defendants were served.

## V. THIS ACTION IS A FEDERAL QUESTION

### A. PLAINTIFF ALLEGES VIOLATIONS OF THE "RICO" ACT.

15. Plaintiff alleges violations of the federal Racketeer Influenced and Corrupt Organizations Act [18 U.S.C. §1961 et seq]. Thus, this matter involves a federal question.

16. Plaintiff alleges violations of 18 U.S.C. § 1343, wire fraud.

17. Plaintiff alleges violations of 18 U.S.C. § 1961(1) and 18 U.S.C. § 1961(5), racketeering activity.

18. "Federal-question jurisdiction "arises where the "complaint establishes either that federal law creates the cause of action or that the plaintiff right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. V Constr. Laborers Vacation Trust*, 463 U. S 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)." Montatr Water & Sanitary Dist. v. Dow Chem. Co., 2005 Cal. Super. LEXIS 2831. Because Plaintiff's allegations and prayers for relief are based upon federal statues, the appropriate venue for this matter is in the District Court.

19. Per 18 U.S.C. §1964(c), "Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate *United States district court*". [Italics added]. Thus, the appropriate venue for this matter is in the District Court.

### B. DIVERSITY OF CITIZENSHIP EXISTS BETWEEN PARTIES TO THE ACTION.

20. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). The term "domicile" refers to the state where a person intends to reside and continue to reside. *Id.* at 857.

4
NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

21. Pursuant to 28 U.S.C. § 1332(c)(1), a corporation is deemed to be a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). "Principal place of business" refers to the corporation's nerve center, the "place where the corporation's high level officers direct, control and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010).

22. As stated in the Complaint, Plaintiff is a corporation formed in and operating under the laws of California. Ruiz Decl. at ¶ 12, **Exhibit A** at 2:1-3. Moreover, pursuant to the recently filed Statement of Information ("SOI") with the California Secretary of State ("CA SOS"), Plaintiff was incorporated in California, and maintains its principal place of business in California. Ruiz Decl. at ¶ 13, **Exhibit J**. Therefore, Plaintiff is a citizen of California.

23. Pursuant to Plaintiff's Complaint and the recently filed SOI with the CA SOS, Defendant WESTERN SURETY COMPANY is incorporated in South Dakota, with its principal place of business is South Dakota. Ruiz Decl. at ¶¶ 14-15, **Exhibit K**. Therefore, Defendant WESTERN SURETY COMPANY is a citizen of South Dakota.

24. In light of the foregoing, there exists diversity of citizenship between parties to this action.

**VI.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00**

25. The Complaint states "Plaintiff has suffered damages in the form of losses in an amount no less than $500,000.00. Because of the violations of 18 U.S.C. §1962(c), Defendants are liable to Plaintiffs for three times the damages sustained, plus costs of suit, including reasonable attorneys' fees pursuant to I 8 U.S.C. §1964(c). Defendants are therefore liable to Plaintiff for at least $1,500,000.00, plus attorney's fees and costs." See Complaint at 7:4-19, attached to Ruiz Decl. as **Exhibit A**.

26. Based on the foregoing, the amount in controversy in the Complaint exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest and costs, as required by Section 1332(a).

27. Because the amount in controversy exceeds $75,000.00, and there is diversity of citizenship between parties to this matter, this court has original jurisdiction pursuant to 28 U.S.C. § 1332.

## VII. JOINDER AND/OR CONSENT OF ALL DEFENDANTS

28. Moreover, all defendants named in the Complaint have joined this Notice. Nominal or sham parties, being neither necessary nor indispensable, are not required to join in the removal notice. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-461 (1980) ["Federal courts have jurisdiction over controversies between 'Citizens of different States" by virtue of 28 U. S. C. § 1332 (a)(1) and U.S. Const., Art. III, § 2. Early in its history, this Court established that the "citizens" upon whose diversity a plaintiff grounds jurisdiction **must be real and substantial parties to the controversy**. (*Citations*.) Thus, a federal court **must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy**." (emphasis added.)

29. On information and belief, no other co-defendanthas been served in this matter.

## VII. CONCLUSION

30. For the above-mentioned reasons, this Court has original jurisdiction over Plaintiff's claims under 28 U.S.C. §§ 1331 and 1332. Accordingly, this action is properly removed to this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446.

DATED: February 7, 2024

WILLIAMS, BRODERSEN, PRITCHETT & RUIZ LLP

By _____
Nicholas R. Ruiz
Attorneys for LE HOMES, GILIOLA MARTINEZ, WESTERN SURETY COMPANY and BUSINESS ALLIANCE INSURANCE COMPANY

# PROOF OF SERVICE

I am employed in the County of Tulare, State of California, over the age of eighteen years, and not a party to the within action or matter. My business address is 2222 West Main Street, Visalia, California 93291. I served the foregoing **NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S. CODE §§ 1331 AND 1332 (Federal Question/Diversity of Citizenship)** on the interested party(ies) in this action by placing ☐ an original /☑ a true copy thereof enclosed in a sealed envelope addressed as stated below:

☐ **By Overnight Courier**. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☑ **By U.S. Mail**. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Visalia, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Each envelope was addressed as follows:

Scott Thomas Green
Mike M. Khalilpour
Leah S. Schoen
The Green Law Group, LLP
1777 E. Los Angeles Ave.
Simi Valley, CA 93065
Attorneys for Plaintiffs

Elmira Rezaei Howard, Esq -courtesy copy
Anderson, McParlin & Conners, LLP
707 Wilshaire Blvd, Ste. 4000
Los Angeles, CA 90017-3623

☑ **By Electronic Service**. To expedite delivery, I caused the foregoing document to be sent to the persons at the electronic notification addresses listed below:

To:   Scott Thomas Green          Email: scott@thegreenlawgroup.com
      Mike M. Khalilpour                  mike@thegreenlawgroup.com
      Leah S. Schoen                      leah@thegreenlawgroup.com

      Elmira Rezaei Howard                erh@amclaw.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed and served on February 7, 2024.

_____
April N. Garner

PROOF OF SERVICE